IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DEREK MICHAEL CHANDLER,
    Plaintiff,

v.                                                                                                      Civil Action No. 3:22cv94 (DJN)

MR. MAYNARD, *et al.*,
    Defendants.

### MEMORANDUM OPINION

Derek Michael Chandler, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this action. Before the Court is the Motion to Dismiss filed by Central Virginia Health Services, Inc., ("CVHS," ECF No. 98), and Chandler's failure to effect service on "CVH Medical of VA."[1] As discussed below, the Motion to Dismiss will be GRANTED. Chandler will be directed to show good cause for his failure to serve "CVH Medical of VA."

### I.    PROCEDURAL HISTORY

Since the time that Chandler filed his Complaint, he has inundated this Court with various filings. On August 19, 2022, Chandler filed his First Particularized Complaint. (ECF No. 26.) By Memorandum Order entered on October 31, 2022, the Court directed service upon the parties. (ECF No. 32.) After counsel had entered an appearance on behalf of each defendant, Chandler twice attempted to file amended complaints. (ECF Nos. 57, 61.) The Court denied his attempts, however, because the two proposed amended complaints were not proper. (ECF Nos.

---

[1]    Chandler refers to Defendant as "CVH Medical of VA," "CVH Health, Prison Provider," and "CVH Medical of Virginia." (ECF No. 65, at 1, 3; ECF No. 61, at 7.) The summons was issued to "CVH Medical of Virginia." (ECF No. 69, at 1.) For simplicity's sake, the Court refers to this Defendant as "CVH Medical of VA."

60, 64.) On January 12, 2023, Chandler filed an Amended Particularized Complaint. (ECF No. 65.) In his Amended Particularized Complaint, Plaintiff named "CVH Medical of VA" as a new Defendant. (*See id.* at 1.)[2] That same day, the Court directed the Clerk to issue process for Defendant "CVH Medical of VA" at the address provided by Plaintiff in an older submission. (*See* ECF No. 61, at 7.) By Memorandum Order entered on January 19, 2023, the Court explicitly explained to Chandler that the Amended Particularized Complaint supplanted all other complaints and that the Court would not consider anything he had filed previously. (ECF No. 68.)

On March 24, 2023, Defendant CVHS filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(4) and/or 12(b)(5) arguing that they are an improper party, were not named in the Amended Particularized Complaint and never provided care to Chandler. (ECF No. 98.) Despite the provision of a *Roseboro* notice,[3] Chandler has not filed a response.

### I. MOTION TO DISMISS

#### A. Rule 12(b)(2)

"Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citation omitted). If the district court reviews "only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint," then the plaintiff

---

[2] Chandler initially named Corizon Health Services, Inc. (ECF No. 2.) However, Corizon was not the medical provider at the Chesterfield County Jail. (ECF No. 68.) Chandler subsequently replaced Corizon with "CVH Medical of VA." (*See id.*)

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

need only make a *prima facie* showing of personal jurisdiction to survive a motion to dismiss under Rule 12(b)(2). *Id.* at 268 (citations omitted). "[T]he court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction," *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989), but the district court need not consider only the plaintiff's proof of personal jurisdiction when deciding which inferences it will make, *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993). Rather, "where the defendant has provided evidence which denies facts essential for jurisdiction, the plaintiff must, under threat of dismissal, present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant has presented evidence." *Indus. Carbon Corp. v. Equity Auto & Equip. Leasing Corp.*, 737 F. Supp. 925, 926 (W.D. Va. 1990) (citation omitted).

### B. Rule 12(b)(4) and (5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Accordingly, failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984).

A motion to dismiss under Rule 12(b)(4) challenges "insufficient process" or the sufficiency or form of the process itself. Fed. R. Civ. P. 12(b)(4). In comparison, a motion to dismiss under Rule 12(b)(5) allows dismissal for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper

vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2023) (footnote omitted). Accordingly, a defendant may move to dismiss under Rule 12(b)(4) because the entity named in the process is different from the entity named in the complaint. *See id.* Under Rule 12(b)(5), a defendant may move to dismiss for insufficient service of process because "the wrong party—that is, a party not named in the summons—has been served." *Id.* (footnote omitted). A court may consider affidavits and other materials outside the pleadings when reviewing a motion to dismiss under Rule 12(b)(4) or (5). *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). Any analysis under Rule 12(b) implicates Federal Rule of Civil Procedure 4. "Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). As discussed below, Chandler has failed to make the requisite showing.

### C. CVHS Is Not a Proper Party to the Action

In his Amended Particularized Complaint, Chandler names "CVH Medical of VA" as the "Jail Medical Provider." (ECF No. 65, at 1.) Chandler indicates that "CVH Medical of Virginia" has an address of 1101 E. Jefferson St., Charlottesville, VA 22902. (*See* ECF No. 61, at 7.) The Court issued process using the address provided by Chandler. (*See* ECF No. 69.) However, CVHS was the entity served at that address, not "CVH Medical of VA." In its Motion to Dismiss, CVHS explains that Chandler "wrongly attempted to serve 'CVH Medical of Virginia' (as identified as a defendant on the Summons) at an address belonging to Central Virginia Health Services, Inc.;" however, "CVHS is not named as a defendant in [Chandler's]

Amended Complaint, . . . is not mentioned anywhere in [Chandler's] Amended Complaint, and [it's] name does not appear anywhere on the Summons." (ECF No. 99, at 2–3.)

CVHS explains that they are "non-profit community health center" that "has a health center located at 1101 E. Jefferson Street, Charlottesville, Virginia 22902." (*Id.* at 3 (citation omitted).) "CVHS has never provided any medical services for or contracted with the Chesterfield County Jail (or any other detention facility)" and "did not provide any care or treatment to [Chandler] during his incarceration at Chesterfield County Jail (or at any other time)." (*Id.* (citation omitted).) To the extent that Chandler intended to name CVHS as a defendant, he failed to name them in his Amended Particularized Complaint, and he failed to properly serve CVHS. To the extent that Chandler intended to name "CVH Medical of VA" and then mistakenly served CVHS, Chandler failed to properly effectuate service on "CVH Medical of VA." At any rate, CVHS was not named in the Amended Particularized Complaint and was not appropriately served. Because the summons here was defective, pursuant to Rule 12(b)(4) and 12(b)(5), CVHS should be dismissed as a party to the action. Accordingly, CVHS's Motion to Dismiss, (ECF No. 98), will be GRANTED.

### III.   FAILURE TO SERVE

This matter is also before the Court on Chandler's failure to serve "CVH Medical of VA" within the time required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), Plaintiff had 90 days to serve "CVH Medical of VA." Here, that period commenced no later than January 19, 2023, when the Court filed

5

Chandler's Amended Particularized Complaint. (ECF No. 68.) More than 90 days have elapsed, and Chandler has not served "CVH Medical of VA." Accordingly, within twenty (20) days of the date of entry hereof, Chandler is DIRECTED to show good cause why the action against "CVH Medical of VA" should not be dismissed without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, CVHS's Motion to Dismiss, (ECF No. 98), will be GRANTED. Chandler will have twenty (20) days from the date of entry hereof to show good cause why the action against "CVH Medical of VA" should not be dismissed without prejudice.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: May 3, 2023

6