IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DEREK MICHAEL CHANDLER,
    Plaintiff,

v.                                         Civil No. 3:22cv94 (DJN)

MR. MAYMARD, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Derek Michael Chandler, a Virginia inmate proceeding *pro se*, submitted this action under 42 U.S.C. § 1983. By Memorandum Order entered on March 10, 2022, the Court conditionally docketed Chandler's action. (ECF No. 4.) At that time, the Court informed Chandler that he must keep the Court advised of his current address. On August 16, 2023, the United States Postal Service returned an August 8, 2023 Memorandum Order to the Court marked, "Return to Sender," and, "Inmate not in VADOC." (ECF No. 145, at 1.)[1] By Memorandum Opinion and Order entered on August 28, 2023, the Court dismissed the action without prejudice, because Chandler's failure to contact the Court and provide a current address indicated his lack of interest in litigating this action. *See* Fed. R. Civ. P. 41(b). (ECF Nos. 147–48.)

**I.    RULE 59(e) MOTION**

On September 8, 2023, the Court received a "Plaintiff's Affidavit to Appeal to Reconsider Action to Dismissal Dated August 28, 2023," which was construed as a motion filed

---

[1]    The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling and spacing in quotations from the parties' submissions.

pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions). In the Rule 59(e) Motion, Chandler indicated that he was released on "August 9th from VDOC and I wrote to the courts of my change of address as well as to attorneys on record immediately upon release." (ECF No. 151, at 2.) By Memorandum Order entered on September 12, 2023, the Court noted that it has not received an address update from Chandler at any time until it received the Rule 59(e) Motion. (ECF No. 153, at 1 n.2.) The Court directed Defendants to respond to the Rule 59(e) Motion within twenty (20) days of the date of entry hereof. (*Id.* at 1–2.) The Court specifically ordered Defendants to state whether they received a notice of change of address specific to this federal case, not just for Chandler's case based on the same facts in the Chesterfield County Circuit Court. (*Id.* at 2.)

Defendants have filed responses, (ECF Nos. 155, 157), and Chandler has filed his reply, (ECF No. 158). For the reasons stated below, the Rule 59(e) Motion will be DENIED.

## II. LAW FOR RULE 59(e) MOTIONS

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). In essence, the rule "gives the district court a chance to correct its own

mistake if it believes one has been made." *Zinkand v. Brown*, 478 F.3d. 634, 637 (4th Cir. 2007). Whether to alter or amend a judgment under Rule 59(e) is within the discretion of the district court. *See Bogart v. Chapell*, 396 F.3d 548, 558 (4th Cir. 2005) (explaining that appellate review is for abuse of discretion).

Chandler fails to identify under which section he seeks relief in his Rule 59(e) Motion. However, it appears that he contends that the action must be reopened to prevent a clear error of law or prevent manifest injustice. To be clearly erroneous, the earlier decision cannot be "just maybe wrong or probably wrong; it must . . . strike [the Court] to be wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchit*, 572 F3d. 186, 194 (4th Cir. 2009). Simply put, that is not the case here.

### III. CHANDLER'S ARGUMENTS AND RESPONSES

In his Rule 59(e) Motion, Plaintiff states as follows:[2]

> My release was August 9th from VDOC and I wrote to the courts of my change of address as well to attorneys on record immediately upon release.
> My son Keith Morgan suffered a fatal surprise[] vehicle accident 8/16/2023 at 5 A.M., 85 South by Dinwiddie Exit and please forgive my wife and I ha[ve] been in a period of grief that neither of us could understand.
> During the course of this grief, we were away from our 14602 Gatewood Rd. DeWitt, VA 23840 home, but we did receive a discovery motion from Pender and Coward P.C.
> . . . .
> Unfortunately for me, I am back at Riverside Regional Jail pending a bond hearing since 8/22/2023.

(ECF No. 151, at 1–2 (paragraph numbers omitted).)

On September 15, 2023, Defendants Leonard, Gay, Fahy and Maynard (the "Jail Defendants") responded, and explain:

---

[2] At the end of this document, Chandler "sw[ore] under penalty of perjury all facts are true." (ECF No. 151, at 2.)

3

1. On August 10, 2023, plaintiff called the office of undersigned counsel and informed his paralegal that he had been released from prison, and he verbally provided a new address.
2. Plaintiff did not file a change of address with the Court as required or send a copy of a formal change of address to counsel.
3. According to plaintiff, he was re-arrested on August 22, 2023, and held at Riverside Regional Jail.
4. Neither counsel nor defendants was aware that plaintiff had been re-arrested.

(ECF No. 155, at 1.) On September 22, 2023, Defendant Jackson responded and indicates that neither she, nor her counsel, received notification from Chandler in writing of his release from incarceration and neither Defendant Jackson nor her counsel were aware that he was re-arrested on August 22, 2023, and is currently being held at Riverside Regional Jail. (ECF No. 157, at 3–4.)

In his unsworn reply,[3] Chandler takes issue with Defendant Jackson's response. Chandler states:

> I personally consulted with Defendant Jackson's counsel Scott Fisher immediately upon my release notifying him of my change of address and we came up with a settlement agreement possibility for a sum and I personally informed Attorney Scott Fisher that Defendant Nurse Jackson was identified coming into medical 11/16/2021 and I described her in my complaint due to the discovery videos being sent by Pender and Coward law firm.
> Attorney Scott Fisher stated he would reach out to counsel to be updated, therefore, his statement on page 4 states clearly that he knew I [was] released.
> When I departed from VDOC the mail clerk assured me that she forward all of my mail to 14602 Gatewood Rd, Dewitt, VA for 30 day, especially legal mail but when my mail from the court was mailed to VDOC or any mail didn't get forwarded as agreed upon.
> Upon my release, not only [was] I homeless but I had permission to briefly use my mother in laws' address and during my teleconference with Attorney Fisher I [was] staying at one of several motels, I [was] staying at.
> I mailed a updated notice to the courts that the courts is stating it never received. That is out of my control and if I did get something wrong, I didn't get a notice nor the untimely tragic accident demise of my son on 9/17/2023 Keith Morgan.

---

[3] Despite Plaintiff labeling this submission "Plaintiff's Affidavits in Support of Motion to Reconsider," the filing is not sworn to under penalty of perjury.

4

(ECF No. 158, at 2–3 (paragraph numbers omitted).)

Chandler argues that "due to the sudden demise of my son and mail not getting forwarded and lost after counsels received their updates despite being homeless would be an injustice to not reconsider my civil suit." (*Id.* at 3.)

## IV.     ANALYSIS

### A.     The Court Never Received an Address Update

Chandler first argues that it would be a manifest injustice to not reopen his case, because he states that he wrote the Court with his address update. As the record reflects, this Court never received an updated address from Chandler upon his release or upon his re-incarceration. Chandler indicates that he was released from incarceration on August 9, and "wrote the courts of my change of address as well as to attorneys on record immediately upon release." (ECF No. 151, at 2.) This statement is vague, and the Court expresses doubt about its veracity. Notably, Chandler fails to identify the date he mailed his change of address, from where he mailed this change of address (as he states he did it "immediately upon release"), and to which court he mailed his change of address, state or federal. None of the defense attorneys in this case received a written change of address from Chandler. The Jail Defendants only learned of Chandler's release from incarceration and an updated address because he called defense counsel's firm. According to Chandler, he discussed his case with Nurse Jackson's counsel by telephone.[4] The fact that he updated his address solely by telephone with defense counsel seriously undermines Chandler's statement that he "wrote to the courts of my change of address

---

4     As of August 9, 2023, Chandler had clearly not informed Defendant Jackson's counsel of an updated address, because the certificate of service on the Answer identified Chandler's institutional address. (ECF No. 144.)

5

as well as to attorneys on record immediately upon release." (ECF No. 151, 1.) Nevertheless, despite contacting the defense attorneys by phone, Chandler did not bother to contact this Court in any manner during the period of August 9 and September 1, 2023, not even to inquire whether the Court had received his alleged written notice of change of address.[5] The dismissal of this case was avoidable if Chandler had exercised any measure of due diligence. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 408–09 (4th Cir. 2010) (citing *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291 (D.C Cir. 2004)).

More importantly, when Chandler became incarcerated again on August 22, 2023, Chandler undisputedly did not update his address with the Court or any of the defense attorneys at that time. By the time the Court dismissed the action on August 28, 2023, Chandler's address had changed twice, and the Court received no notification of either update. Although Chandler fails to explain how or why he knew that the Court had dismissed his case, Chandler clearly was aware of the Court's dismissal by September 1, 2023, when he signed his Rule 59(e) Motion. The Court only learned of Chandler's updated address when the Rule 59(e) Motion was received on September 8, 2023, after the dismissal of his case. *See Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (explaining that "[m]anifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.") The record reflects that Chandler only became interested in pursuing his federal case again after he had been detained in jail for over a week.[6]

---

[5] Although Chandler's notice of change of address was required to be in writing, had Chandler called the Clerk's Office to notify the Court that he had relocated, the Clerk's Office would have entered a notation on the docket that he attempted to update his address.

[6] Chandler apparently did not even keep copies of his filings in this case. (*See* ECF No. 151, at 2.)

6

Chandler insists that he and Defendant Jackson's counsel were in communication by telephone prior to his arrest on August 22, 2023, and he makes much of the fact that he was allegedly discussing settlements with Defendant Jackson's counsel.[7] These discussions have no bearing on whether Chandler updated this Court, in writing, of his new address.[8]

Casting even more doubt on Chandler's statement that he wrote to update his address, in his Notice of Appeal, Chandler fails to even mention that he purportedly updated his address. Rather, he represents that he "filed an affidavit to explain my excusable reason that I believe shouldn't have prejudiced the Defendants. My son died 8/17/2023 derailing my life." (ECF No. 152, at 1.) As discussed below, that is not the reason Chandler failed to update his address.

### B. Death of Chandler's Son and Chandler's Alleged Crime Spree

Chandler also first indicates that his son died on August 16 and then later in his reply, states that he died on August 17, 2023, and "during the course of this grief, we were away from our 14602 Gatewood Rd. Dewitt, VA 23840 home." (ECF No. 151, at 2.)[9] The Court appreciates that Chandler was in a period of grieving and this litigation may not have been a priority at that time. However, simply put, Chandler was not occupied only by grieving during

---

[7] These discussions also clearly have no bearing on Chandler's federal case. In Chandler's federal case, he filed the Third Amended Complaint with the Court on July 26, 2023, (ECF No. 135), and Defendant Jackson filed her answer on August 9, 2023, (ECF No. 144), wherein she asserted various defenses to Chandler's claims. It is highly doubtful that Defendant Jackson would be having discussions with Chandler about a settlement in the federal case at that time.

[8] Similarly, Chandler claims that the VDOC told him that his mail would be forwarded for thirty days. Once again, this has no bearing on whether Chandler followed the Court's direction to keep the Court apprised of his current address.

[9] In his reply, Chandler clearly indicates that he was not residing at this address during this time period but was homeless and living in various motels. Therefore, the Court fails to discern how being away from this address has any bearing on his failure to contact the Court to update his address as he was not living there.

7

this time. Rather, Chandler was arrested on August 22, 2023, following a series of events for which he is facing state criminal charges. According to law enforcement authorities, Chandler stole a 2023 Cadillac CT5, and when police located the car in Chesterfield County, Chandler led police on a high-speed chase that resulted in his arrest, but only after Chandler had rammed into a marked Virginia State Police vehicle and repeatedly refused to get out of the car.[10] Once police identified Chandler, they learned that he was wanted for grand larceny out of Chesterfield County.[11] Chandler has been charged with one count of grand larceny and one count of grand larceny auto theft in Chesterfield County on August 20, 2023; driving while drinking, two counts of assault on a law enforcement officer and destruction of a property/monument in Petersburg on August 22, 2023; and reckless driving and two counts of eluding or disregarding police in Prince George County on August 22, 2023.[12]

Notably, Chandler omitted this information from his submissions to the Court in his arguments that it would be manifest injustice not to reopen his case.[13] Chandler also provides no reason why he did not update his address with the Court upon his incarceration again on August

---

[10] *See* NBC12, *Man Suspected of Stealing Rental Car, Ramming into State Police Vehicle After Pursuit*, https://www.nbc12.com/2023/08/22/police-man-suspected-stealing-rental-car-rams-into-state-police-car/ [https://perma.cc/53VK-4ZS7] (last visited Oct. 16, 2023).

[11] *See* ABC8 News, *Police: Wanted Virginia Man Steals 2023 Cadillac From Rental Company, Crashes Into Police Car During Multi-Jurisdictional Chase*, https://www.wric.com/news/local-news/the-tri-cities/public-asked-to-avoid-area-around-active-police-scene-on-wagner-road-in-petersburg/ [https://perma.cc/JV6P-TW5L] (last visited Oct. 16, 2023).

[12] *See* Supreme Court of Virginia, *Case Status and Information*, https://www.vacourts.gov/caseinfo/home.html [https://perma.cc/3ZG7-TAFV] (select "Online Case Information System-Statewide Search;" follow "Accept" button; type "Chandler, Derek Michael;" follow "Search" button) (last visited Oct. 4, 2023).

[13] This is not the first time the Court has noted Chandler's bad faith, lack of candor with the Court or his failure to follow the Court's orders. (*See, e.g.*, ECF No. 135, at 2.)

8

22. Chandler also did not provide defense counsel with notification that he was incarcerated again. Chandler only informed the Court that he was incarcerated again while pursuing his Rule 59(e) Motion.[14]

In sum, Chandler fails to demonstrate that the Court made a clear error of law or that reinstatement of his case is necessary to prevent manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 151) will be DENIED.

## V. CONCLUSION

Chandler's Rule 59(e) Motion (ECF No. 151) will be DENIED. The Court notes that the matter was dismissed without prejudice. Chandler remains free to pursue his Third Amended Complaint as a new civil action.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Chandler.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 17, 2023

---

[14] Chandler states, "[u]nfortunately for me, I'm back at Riverside Regional Jail pending a bond hearing since 8/22/2023." (ECF No. 151, at 2.)